PER CURIAM.
The Florida Rules of Criminal Procedure are hereby amended in the following respects, viz.:
Rule 1.010 is amended to read:
“These rules shall govern the procedure in all criminal proceedings in State courts including proceedings involving direct and indirect criminal contempt, except direct or indirect criminal contempt of a court acting in any appellate capacity and including proceedings under Rule 1.850 hereof.”
Rule 1.120 is amended to read:
“Each state judicial officer is a committing magistrate and may issue a summons as provided in Rule 1.150(b) or a warrant for the arrest of a person against whom a complaint, in writing and under oath, is made when the complaint states facts that show a violation of a criminal law. The magistrate may commit an offender to jail or recognize him to appear before the proper court at its next ensuing term to answer the charge in the complaint or may discharge him from custody.”
Rule 1.140(a) (2) is amended to read:
“(2) Other Crimes. — The prosecution of all other criminal offenses shall be as follows :
“In criminal courts of record and in the Court of Record of Escambia County, prosecution shall be solely by information; in County Judge’s Courts having elective prosecuting attorneys, by indictment, information or affidavit; in all courts not here-inabove mentioned which have elective prosecuting attorneys, by indictment or information; and in courts not having elective prosecuting attorneys, by indictment or affidavit; provided that a court in which prosecutions for misdemeanors are not required by the Constitution to be upon information, the prosecution of a misdemean- or charge for the violation of a statute concerning vehicular traffic may be upon a traffic ticket when authorized by statute. A grand jury may indict for any offense. When a grand jury returns an indictment for an offense not triable in the circuit court, the circuit judge shall commit or bail the accused for trial in a court having jurisdiction to try the offense, and such judge, or at his direction, the clerk of the circuit court shall certify the indictment and deliver it to the clerk of the court to which the accused is committed or bailed for trial or to the judge of such court if it has no clerk.”
Rule 1.140(c) (2) is amended to read:
“All indictments, informations or affidavits on which the defendant is to be tried shall state that the prosecution is brought in the name and by the authority of the State of Florida. Indictments shall state that the defendant is charged by the grand jury of the county. Informations shall state that the appropriate prosecuting attorney makes the charge. Affidavits shall state the name of the affiant making the charge.”
Rule 1.140(1) is amended to read:
“Unless otherwise ordered by the court having jurisdiction, all indictments, infor-mations and affidavits on which the defendant is to be tried and the records thereof shall be in the custody of the clerk of the court to which they are presented and shall not be inspected by any person other than the judge, clerk, attorney general and prosecuting attorney until the defendant is in custody or has been admitted to bail or un *204 til one year has elapsed between the return of an indictment or the filing' of an information or the making of an affidavit, after which time they shall be open for public inspection.”
Rule 1.140(o) is amended to read:
“No indictment or information, or any count thereof, or any affidavit on which the defendant is to be tried shall be dismissed or judgment arrested or new trial granted because of any defect in the form of the indictment, information or affidavit or of misjoinder of offenses or for any reason whatsoever unless the court is of the opinion that the indictment, information or affidavit is so vague, indistinct and indefinite as to mislead the accused and embarass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.”
The title of Rule 1.150 is changed to “PROCESS” and subdivision (b) is amended to read:
“On the filing of a complaint charging the commission of a misdemeanor only, when the magistrate deems that process should issue as a result of it or on the filing of an indictment, information or affidavit on which the defendant is to be tried charging the commission of a misdemeanor only, if the person named in it is not in custody or at large on bail for the offense charged, the magistrate or judge shall direct the clerk to issue a summons instead of a capias, unless the magistrate or judge has reasonable ground to believe that the person will not appear in response to a summons, whereupon an arrest warrant or a capias shall be issued with the amount of bail endorsed thereon. The summons shall state substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the magistrate or judge issuing the summons at a time and place stated in it.”
Rule 1.200 is amended to read:
“Upon the written demand of the prosecuting attorney, specifying as particularly as is known to such prosecuting attorney, the place, date and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than ten days before trial or such other time as the court may direct, file and serve upon such prosecuting attorney a notice in writing of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish ‘such alibi. Not more than five days after receipt of defendant’s witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the State proposes to offer in rebuttal to discredit the defendant’s alibi at the trial of the cause. Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided in this rule. If a defendant fails to file and serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of providing an alibi, except the testimony of the defendant himself. If such notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of such witness as particularly as is known to defendant or his attorney is not stated in such notice. If the prosecuting attorney fails to file and serve a copy on the defendant of a list of witnesses as herein provided, the court may exclude evidence offered by the state *205 in rebuttal to the defendant’s alibi evidence. If such notice is given by the prosecuting attorney, the court may exclude the testimony of any witness offered by the prosecuting attorney for the purpose of rebutting the defense of alibi if the name and address of such witness as particularly as is known to the prosecuting attorney is not stated in such notice. For good cause shown the court may waive the requirements of this rule.”
Rule 1.220(f) is amended to read:
“(f) Discovery Depositions. When a person is charged with an offense, upon motion of such person, at any time after the filing of the indictment, information, or affidavit upon which the defendant is to be tried and after notice to the prosecuting attorney, the court shall order the taking of the deposition of any person (other than a confidential informer who will not be a witness at the trial) who may have information relevant to the offense charged and the defense of the person charged with respect thereto, on showing that the testimony of the witness may be material or relevant on the trial, or of assistance in the preparation of the defense of the person charged, and on showing that the witness will not cooperate in giving a voluntary, signed, written statement to the person charged or his attorney. The person charged shall give to the prosecuting attorney written notice of the time and place for taking the deposition. The notice shall state the name and address of each person to be examined. On motion of the prosecuting attorney, the court ordering the deposition may, for good cause shown, extend or shorten the time and may change the place of taking. A deposition under this section shall be taken in the manner provided in the Florida Rules of Civil Procedure, and the scope of examination, on such deposition, and as to the written statement above shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant hereto may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. An order to take depositions authorizes the issuance of subpoenas by the clerk of the court for the persons named or described therein. A resident of the state may be required to attend an examination only in the county wherein he resides, or is employed, or regularly transacts his business, in person. A person who refuses to obey a subpoena served upon him may be adjudged in contempt of the court from which the subpoena issued.”
Rule 1.790(b) is amended to read:
“Pronouncement and imposition of sentence of imprisonment shall not be made on a defendant who is to be placed on probation regardless of whether the defendant has or has not been adjudicated guilty, except that if a sentence of imprisonment in the county jail is imposed at the time of sentencing the court may direct that defendant be placed on probation on completion of any specified period of the sentence. An order of the court placing the person on probation shall place the probationer under the authority of the State Probation and Parole Commission to be supervised as provided by law.”
Rule 1.840(a) (6) is amended to read:
“(6) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.”
These amendments shall become effective midnight, September 30, 1968, and from that date shall apply to all criminal actions then pending or thereafter filed.
CALDWELL, C. J., and THOMAS, ROBERTS, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.